767 P.2d 224

The MARSHALL FOUNDATION, an
Arizona nonprofit corporation,
Plaintiff/Appellee,

v.

Peter ARONOFF and Gretchen Aronoff,
husband and wife; Steven D. Fenton
and Randy Fenton, husband and wife;
Ron Yaeli and Nancy Yaeli, husband
and wife; Paul·Baker and Alice Baker,
husband and wife; Richard Kennedy,
Pima County Recorder, Defend-
ants/Appellants.

The MARSHALL FOUNDATION, an
Arizona nonprofit corporation,
Plaintiff/Appellant,

v.

Peter ARONOFF and Gretchen Aronoff,
husband and wife; Steven D. Fenton
and Randy Fenton, husband and wife;
Ron Yaeli and Nancy Yaeli, husband
and wife; Paul Baker and Alice Baker,
husband and wife; Richard Kennedy,
Pima County Recorder, Defend-
ants/Appellees.

Peter ARONOFF, Steven D. Fenton,
Ron Yaeli and Paul Baker,
Plaintiffs/Appellants,

v.

The MARSHALL FOUNDATION, an
Arizona nonprofit corporation,
Defendant/Appellee.

Nos. 2 CA–CV 88–0048, 2
CA–CV 88–0192.

Court of Appeals of Arizona,
Division 2, Department A.

Oct. 11, 1988.

As Amended on Reconsideration
Nov. 16, 1988.

Petition and Cross-Petition for Review
Denied Feb. 7, 1989.

Slutes, Sakrison, Even, Grant & Pelander
by James M. Sakrison, Tucson, for The
Marshall Foundation.

Leonard & Felker by David J. Leonard,
Margaret A. Krigbaum and David H. Nix,
Tucson, for Aronoff, Fenton, Yaeli, Baker
& Kennedy.

## OPINION

LIVERMORE, Presiding Judge.

The Marshall Foundation issued an invi-
tation to bid on real property owned by it
near the University of Arizona. That invi-
tation contained the following language:

Marshall Foundation, a nonprofit corpo-
ration, hereby extends an invitation to a
limited number of prospective buyers to
submit offers to enter into a Purchase
Agreement, which is submitted as a part
of this bid package. It is the present
intention of Marshall Foundation to enter
into this Purchase Agreement with the
Buyer which offers the highest cash

Sales Price to be inserted in ARTICLE 3 of the Purchase Agreement, providing that no bid will be accepted which is less than One Million Two Hundred and Fifty Thousand Dollars ($1,250,000.00).

Marshall Foundation proposes to accept sealed written bids from qualified buyers only up to and including May 1, 1987, at 2 o'clock p.m. Bids will be opened at that time. Bids may be submitted on a copy of the Purchase Agreement, appropriately filled in with the name of the proposed purchaser and the amount of the bid, and duly executed by authorized persons. Marshall Foundation reserves the right to extend, or to postpone the bidding time for not more than ten days, or to refuse all bids, or to withdraw the Property completely from the market. The manner of conducting bidding and the determination of the high bidder shall be entirely in the discretion of Marshall Foundation.

On May 1, 1987, Marshall's president, John Molloy, opened the sealed bids in the presence of the bidders. The highest amount was bid by plaintiffs Aronoff, Fenton, Yaeli, and Baker ("Aronoff"). Molloy then declared Aronoff the high bidder and excused the other bidders. About thirty minutes later, during discussions between the Marshall board members and the Aronoff group, Molloy discovered that the Aronoff bid contained an addendum materially varying the terms of the Purchase Agreement. Aronoff contended that its bid was responsive. A competing bidder, the Raskin group, contended that its lower bid was now the highest responsive bid and that it ought to receive the contract. In the course of the afternoon, the Raskin group matched Aronoff's bid and Aronoff withdrew its addendum to the Purchase Agreement. Molloy decided to obtain legal advice. On May 4, 1987, Marshall, following that advice, rejected all bids and called for new bids the following day. The Raskin group was the high bidder at a substantially higher figure. The Aronoff group then brought this suit for specific performance and now appeals from an adverse summary judgment. We affirm.

By its invitation to bid, Marshall requested bidders to make a dollar offer to enter into a fourteen-page purchase agreement. All the bidders, save Aronoff, did so by signing the purchase agreement with a price figure inserted. Aronoff's bid was also a signed purchase agreement with a dollar figure but with a two-page addendum materially varying the terms of the purchase agreement. The issue raised by this case is whether, by indicating its intention to accept or actual acceptance of Aronoff's bid, made in circumstances where it reasonably expected one thing but was given another, Marshall is bound. We hold that it is not. There is no evidence that Molloy knew of the addendum at the time he announced that Aronoff was the high bidder and that Marshall would contract with that group. As soon as Molloy learned of the changed terms, he clearly stated that a contract would not be entered into on that basis. In short, there never was a meeting of the minds on the terms of the agreement; there was, therefore, no contract.

Aronoff seeks to avoid this result by pointing to those cases holding one to a contract he has signed even if he has not read all the terms. Those cases, in our view, have no application to this situation. It is one thing to say that one will be bound by terms he has the opportunity to read but chooses not to. It is quite another to say that a party announcing the high bidder on a contract containing specified terms must keep all bidders waiting while a close examination is made to see if any bidder slipped a different term into the contract. There is no public policy that would permit such sleight of hand.*

There is an additional policy reason to support this result. The purpose of a sale by bid is to allow all bidders to have an equal opportunity to obtain the item for sale. When bids vary the terms of the offer, that opportunity is lost. Those who

---

* On Motion for Reconsideration, the Aronoff Group contends that our Opinion implied that it intended to deceive Marshall by its bid. We did not intend to do so. A consequence of the argument made in this paragraph, however, would permit such deception.

abided by the original terms are cheated of their opportunity if a bid varying the terms is accepted because they did not have the chance to compete on those terms. That risk is demonstrated on the facts of this case where a competing bidder complained and then agreed to match Aronoff's bid. Aronoff then agreed to withdraw the addendum. To hold that Marshall was bound either by the original bid or by Aronoff's later bid without the addendum would defeat the whole purpose of competitive bidding. Marshall acted appropriately in these circumstances in rejecting all bids and permitting a new competition.

AFFIRMED.

LACAGNINA, C.J., and HOWARD, J., concur.

HATHAWAY, J., did not participate.